FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2008 MAY 14  PM 4: 02

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL DORMAN and ELIZABETH DORMAN<br><br>              Plaintiff<br>versus<br><br>REDLINE RECOVERY SERVICES, LLC<br>and ABC INSURANCE COMPANY,<br><br>              Defendants | CIVIL ACTION<br><br>NO. 08-3427<br><br>SECT. M  MAG. 2<br><br>MAGISTRATE |

*******************************************************************

### COMPLAINT – JURY TRIAL REQUESTED

NOW INTO COURT through undersigned counsel come plaintiffs, Michael T. Dorman and Elizabeth Dorman, who assert the following.

1.

This is an action for damages and a declaration that the debt collection practices described below violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (the "FDCPA"), which prohibits debt collectors from engaging in deceptive, abusive, and unfair debt collection practices.

### Jurisdiction and Venue

2.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper in the Eastern District of Louisiana, as it is the judicial district wherein a substantial part of the events relevant to the claims made herein occurred.

1

Fee_____
✓ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No._____

## Parties

3.

Plaintiffs, Michael and Elizabeth Dorman, are residents of Covington, Louisiana. The Dormans are "consumers" as defined at 15 U.S.C. § 1692a(3).

4.

Defendant Redline Recovery Services, LLC ("Redline") is a Georgia corporation with its principal place of business located in Georgia.

5.

Redline is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

6.

ABC Insurance Company is the fictitious name of the provider of a policy of liability insurance issued in favor of Redline, which policy covers the claims made herein. ABC Insurance Company is liable in solido with Redline pursuant to the Louisiana Direct Action Statute, La. Rev. Stat. Ann. § 22:655.

## Facts

7.

In 2007, plaintiffs began receiving telephone calls from Redline, attempting to collect an alleged credit card debt.

8.

In early summer of 2007, a Redline collector called the Dormans' home and Michael Dorman answered. The collector asked for his wife. Mr. Dorman replied that she was at her father's house. The collector asked for the telephone number at her father's house, but Mr. Dorman refused to give it to him.

9.

After being refused the number for Mrs. Dorman's father, the collector obtained the number from another source, and called there on at least two separate occasions. Redline called her father's house despite having the Dorman's own home telephone number.

10.

Neither Michael nor Elizabeth Dorman had ever given the Redline collector the telephone number for Mrs. Dorman's father. Nor had they ever consented to Redline calling Mrs. Dorman's father or any of their relatives.

**Violations of the FDCPA**

11.

The express purpose of the Fair Debt Collection Practices Act ("FDCPA") is to eliminate abusive debt collection practices by debt collectors, and to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. § 1692(e).

12.

The FDCPA, 15 U.S.C. § 1692c(b), provides in pertinent part as follows:

> (b) **Communication with third parties**
>
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

13.

Redline violated 15 U.S.C. § 1692c(b) by calling Elizabeth Dorman's father without her permission, when Redline already had her location information.

14.

As a result of Redline's actions as described herein, plaintiffs have suffered actual damages including but not limited to mental anguish and distress.

15.

Plaintiffs demand a trial by jury.

**WHEREFORE**, plaintiffs prays for a judgment in their favor and against the defendant and its insurer jointly, severally, and in solido, for actual and additional damages, punitive or exemplary damages, reasonable attorney fees, costs and litigation expenses, interest, and for all other relief appropriate in the premises.

Respectfully submitted,

_____
STEVE R. CONLEY #21246
321 N. Vermont Street, Suite 204
Covington, LA 70433
PH: 985-892-7222  FAX: 985-892-7075

Please certify a copy of the complaint for service pursuant to the Louisiana Longarm Statute on:

**REDLINE RECOVERY SERVICES, LLC**
Through its registered agent:
Mr. Howard Gibbs
1145 Sanctuary Parkway, Suite 350
Alpharetta, GA  30004